_____
Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
February 07, 2017

**ALDRIDGE PITE, LLP**
STACY H. RUBIN (SBN 9298)
SRubin@aldridgepite.com
EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
520 South 4th St., Suite 360
Las Vegas, Nevada 89101
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
E-mail: ecfnvb@aldridpiteduncan.com

MAILING ADDRESS:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for *Secured Creditor*
U.S. BANK NATIONAL ASSOCIATION, NOT
IN ITS INDIVIDUAL CAPACITY BUT SOLELY
AS TRUSTEE FOR THE RMAC TRUST,
SERIES 2016-CTT

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA - LAS VEGAS DIVISION**

| | |
|---|---|
| In re | Case No. 15-13122-led |
| JOSE RAMIRO GONZALEZ, | Chapter 11 |
| Debtors. | **ORDER ON STIPULATION RE: TREATMENT OF U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT'S CLAIM** |

The parties having agreed to the terms set forth in the Stipulation Re: Treatment of U.S. Bank National Association, Not In Its Individual Capacity but Solely as Trustee for the RMAC

Trust, Series 2016-CTT's Claim Re: Real Property Located at 4801 Fernley Way, Las Vegas, NV 89110 are bound by the terms of their stipulation, which shall be the Order of this Court. The Stipulation, filed on January 31, 2017, as docket number 138, is hereby approved and made an order of the court.

Respectfully Submitted by:

/s/ Stacy H. Rubin
STACY H. RUBIN (SBN 9298)
Attorneys for Secured Creditor U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT

STACY H. RUBIN (SBN 9298)
SRubin@aldridgepite.com
EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
520 South 4th St., Suite 360
Las Vegas, Nevada 89101
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385


**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for *Secured Creditor*
U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA - LAS VEGAS DIVISION

| | |
|---|---|
| In re<br><br>JOSE RAMIRO GONZALEZ,<br><br>    Debtor. | Case No. 15-13122-led<br><br>Chapter 11<br><br>**STIPULATION RE: TREATMENT OF U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT'S CLAIM** |

This Stipulation is entered into by and between Secured Creditor U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT ("Creditor"), by and through its attorneys of record, and Jose Ramiro Gonzalez, the Debtor and Debtor-In-Possession herein (the "Debtor"), by and through their attorneys of record.

The property which is the subject of this matter is commonly known as 4801 Fernley Way, Las Vegas, Nevada 89110 (hereinafter, the "Subject Property"), which is more fully described as follows:

> LOT 4 IN BLOCK 4 OF STEWART PLACE UNIT 6A, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 22, OF PLATS, PAGE 49 AND AMENDED BY THOSE CERTAIN CERTIFICATES OF AMENDED RECORDED OCTOBER 26,

- 1 -

1978 IN BOOK 961 AS DOCUMENT NO. 920872 AND AUGUST 30, 1979 IN BOOK 1110 AS DOCUMENT NO. 1069619, OFFICIAL RECORDS, IN THE OFFICE OF THE COUNTY RECORDS OF CLARK COUNTY, NEVADA.

On or about March 18, 2008, Debtor executed a Note in the principal sum of $199,750.00 (the "Note"), which was made payable to Tamayo Financial Services, Inc. The Note is secured by a deed of trust (the "Deed of Trust") encumbering the Subject Property. Subsequently, the beneficial interest in the Note and Deed of Trust were assigned to Creditor.

On or about May 29, 2015, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, District of Nevada - Las Vegas Division and was assigned Case No. 15-13122-led.

THE PARTIES STIPULATE AS FOLLOWS:

1. Upon confirmation of a Chapter 11 Plan, Creditor shall have a secured claim in the amount of $199,327.62 (the "Secured Claim") to be amortized over thirty (30) years at 2.02% interest per annum.

2. Debtor shall tender regular monthly payments of principal and interest in the sum of $738.75 on the first of each month to Creditor for the Secured Claim commencing March 1, 2017, and continuing until February 1, 2047, when all such outstanding amounts under the Secured Claim are to be paid in full. Payments are to be sent to: Rushmore Loan Management Services, LLC, PO Box 52708, Irvine, California 92619. All payments made by the Debtor in accordance with this paragraph after March 1, 2017, shall be applied to the Secured Claim upon confirmation of Debtor's Chapter 11 Plan.

3. In addition to the principal and interest payments described in paragraph 2 of this Stipulation, Debtor shall tender all necessary escrow payments for any and all real property taxes and/or real property insurance advances made or to be made by Creditor. Debtor shall tender the necessary escrow payments together with the regular monthly mortgage payments described in paragraph 2 above, commencing March 1, 2017, and continuing thereafter until the loan is paid in full. The current monthly escrow payment is $166.82 and is subject to change as escrow

1  needs are reanalyzed over the remaining life of the loan.

2      4. Except as otherwise expressly provided herein, all remaining terms of the Note and
3  Deed of Trust shall govern the treatment of Creditor's Secured Claims.

4      5. In the event of any future default on any of the above-described provisions, inclusive
5  of this Stipulation, Creditor shall provide written notice via first class mail to Debtor at 516
6  North 15th Street, Apt Number 1, Las Vegas, Nevada 89101-3283, and mailed to Debtor's
7  attorney of record, Corey B. Beck, at 425 South 6th Street, Las Vegas, NV 89101, indicating the
8  nature of default.  If Debtor fails to cure the default with certified funds after passage of fifteen
9  (15) calendar days from the date said written notice is placed in the mail, then Creditor may
10 proceed to foreclose its security interest in the Subject Property under the terms of the Note and
11 Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary
12 to obtain complete possession of the Subject Property without further notice, order, or
13 proceeding of this Court.  This provision shall only be effective prior to the closing of the
14 bankruptcy case, either administratively or finally.  Should the Debtor default under the terms of
15 the Stipulation and/or Chapter 11 Plan after the case is closed, Creditor may proceed to foreclose
16 its security interest under the terms of the Note, Deed of Trust and applicable state law without
17 any further action.

18     6. The acceptance by Creditor of a late or partial payment shall not act as a waiver of
19 Creditor's rights to proceed hereunder.

20     7. Any notice of default that Creditor provides Debtor and/or Debtor's attorney
21 pursuant to this Stipulation shall not be construed as a communication under the Fair Debt
22 Collection Practices Act, 15 U.S.C. § 1692.

23     8. At the request and discretion of the Creditor, Debtor shall execute such documents
24 and instruments as are necessary to reflect that Debtor as the borrower of the Secured Claim, and
25 to modify the terms of the obligation to conform to the provisions of this Stipulation.

26     9. In the event the Debtor sells or refinances the Subject Property prior to receiving his
27 Chapter 11 discharge, Creditor shall be entitled to exercise its rights pursuant to 11 U.S.C. §
28 363(k) and/or 11 U.S.C. § 363(f) and shall be permitted to receive proceeds from the sale of the

1 Subject Property in an amount not less than the outstanding balance owing under the original, unmodified terms of the Note. In the event Debtor seeks to sell or refinance the Subject Property prior to receiving his Chapter 11 discharge and attempts to pay Creditor less than the outstanding balance owing under the original, unmodified terms of the Note, Creditor must provide express written consent to the sale or refinance.

10. The terms of this Stipulation shall constitute the complete and entire treatment of Creditor's Secured Claim and may not be modified, altered, or changed by the Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization and confirmation order thereon or any modification thereof without the express written consent of the Creditor. The above terms of this Stipulation shall be deemed incorporated into the Plan and/or any subsequently filed Amended Chapter 11 Plan of Reorganization. The Debtor shall file an amended Chapter 11 plan and/or confirmation order that incorporates the terms of this Stipulation and attach a copy of this Stipulation as an exhibit to the amended plan and/or confirmation order. The Debtor's failure to comply with this provision shall constitute a default under the terms of the Stipulation. In the event of a conflict between this Stipulation and Debtor's Chapter 11 Plan, confirmation order or any amendments or modifications thereof, the terms of this Stipulation shall control.

11. In the event Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note, to be paid at the rate and terms provided for under the Note and Deed of Trust, and the automatic stay shall be terminated without further notice, order or proceeding of the Court. Any default owing under the Note at the time of confirmation shall be of full force and effect upon a dismissal or conversion of Debtor's case.

12. In the event the Debtor asserts Creditor has failed to properly update its system to comply with the terms of this Stipulation within a reasonable period of time after an order is entered confirming the Debtor's Chapter 11 Plan of Reorganization, which shall be no less than ninety (90) days, the Debtor shall be required to provide written notice of the alleged lack of compliance to Creditor and Creditor's counsel of record, Aldridge Pite, LLP, at 4375 Jutland

Drive, Suite 200, San Diego, CA 92177, as well as electronically at SRubin@aldridgepite.com and ecfnvb@aldridgepite.com, indicting the nature of the alleged lack of compliance. If Creditor fails to either remedy the alleged lack of compliance and/or provide an explanation refuting the Debtors' allegation after the passage of ninety (90) days from the date Creditor receives said written notice (the "Meet and Confer Period") Debtor may proceed with filing the appropriate motion in bankruptcy court seeking Creditor's compliance. However, provided Creditor has in good faith sought to remedy Debtor's grievance during the Meet and Confer Period, Debtor shall not request nor be entitled to an award of their attorneys' fees and costs nor sanctions as a result of filing said motion. The Bankruptcy Court shall retain jurisdiction to determine any dispute regarding the accounting for and application of any payments made pursuant to the instant Stipulation.

13. Except as expressly provided herein, the Debtor waives any and all claims, causes of action, whether known or unknown, he currently has against Creditor, and its respective agents, parents, affiliates, subsidiaries, attorneys, predecessors, current and subsequent holders of the Note and Deed of Trust (collectively the "Loan"), successors and assigns in relation to the Loan referenced herein and any and all agreements which exist between them regarding or relating to the Loan prior to the date of this Stipulation. This waiver includes Debtor's right to object to Creditor's Claim. The Debtor also releases Creditor and its respective agents, parents, affiliates, subsidiaries, attorneys, predecessors, current and subsequent holders of the Loan, successors and assigns from any liability in relation to the Loan prior to the date of this Stipulation.

/././

/././

/././

/././

/././

/././

/././

14. In exchange for the forgoing, this Stipulation shall constitute a ballot voting in favor of the Debtor's Chapter 11 Plan of Reorganization for the Secured Claim.

Dated: January 31, 2017

ALDRIDGE PITE, LLP

/s/ *Stacy H. Rubin (SBN 9298)*
STACY H. RUBIN
Attorneys for *Secured Creditor* U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT

Dated: 1/31/17, 2017

COREY B. BECK
Attorney for the Debtor